PARFUMS CORDAY, INC. *v.* UNITED STATES

**No. 5400.**—Invoice dated Paris, France, November 8, 1937.
Certified November 10, 1937.
Entered at New York, N. Y., November 20, 1937.
Entry No. 96054.

(Decided August 26, 1941)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the reappraisement herein consists of bottles and jars similar in all material respects to the merchandise that was the subject of *United States* v. *Guerlain, Inc.,* C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisement herein is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed that the cost of materials, fabrication, manipulation, or other process employed in manufacturing or producing such merchandise plus the usual general expenses in the case of such or similar merchandise (not less than 10 per centum of the cost of materials, fabrication, manipulation, or other process employed in manufacturing and producing said merchandise) plus the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers

in the country of manufacture of merchandise of the same class or kind (of the items of bottles embraced in the invoice covered by said reappraisement), of item #14944, on the date of exportation to the United States, is 700 francs per 100 bottles, plus cases and packing.

It is further stipulated and agreed with respect to all of the other bottles embraced in the invoice covered by the entry herein, that the invoice unit prices, plus cases and packing, are equal to the cost of materials, fabrication, manipulation, or other process employed in manufacturing or producing such merchandise plus the usual general expenses in the case of such or similar merchandise (not less than 10 per centum of the costs of materials, fabrication, manipulation, or other process employed in manufacturing and producing said merchandise) plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture of merchandise of the same class or kind.

It is further stipulated and agreed, between the parties hereto, that the record in C. A. D. 146 be incorporated and made a part of the record in the reappraisement case herein and that the reappraisement case be deemed submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to bottles of item 14944, 700 francs per 100 bottles, plus cases and packing.

As to all other bottles, the invoice unit prices, plus cases and packing.

Insofar as the appeal relates to all other merchandise, it is hereby dismissed. Judgment will be rendered accordingly.